**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00001-TWP-TAB |
| | ) | |
| DUPRECE JETT (01), | ) | |
| DAMION MCKISSICK (02), and | ) | |
| EARL WALKER (03), | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON GOVERNMENT'S MOTION IN *LIMINE*

On September 15, 2016, Plaintiff United States of America ("the Government") filed a

Motion in *Limine* pursuant to Rule 609 of the Federal Rules of Evidence (Filing No. 76). In its

Motion, the Government asks the Court for an order in *limine* that it may use evidence of prior

criminal convictions of Defendants Damion McKissick and Duprece Jett for impeachment

purposes during trial if McKissick and Jett testify.

Federal Rule of Evidence 609 allows evidence of prior criminal convictions to impeach a

witness. Rule 609 states that when attacking a witness's truthfulness, "evidence of a criminal

conviction . . . must be admitted in a criminal case in which the witness is a defendant, if the

probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E.

609(a)(1)(B).

> [I]f more than 10 years have passed since the witness's conviction or release from
> confinement for it, whichever is later [then the] [e]vidence of the conviction is
> admissible only if: (1) its probative value, supported by specific facts and
> circumstances, substantially outweighs its prejudicial effect; and (2) the proponent
> gives an adverse party reasonable written notice of the intent to use it so that the
> party has a fair opportunity to contest its use.

F.R.E. 609(b).

In the Government's Motion in *Limine*, it explains the prior criminal convictions of McKissick and Jett and that they fall within the ten year period for using convictions. *See United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) (explaining the ten year rule and the applicable standard for the probative value either outweighing or substantially outweighing any prejudicial effect). However, the Government's Motion fails to provide any argument or information regarding the probative value of the prior criminal convictions weighed against their prejudicial effect. Without this additional information, the Court is unable to determine at this stage whether the evidence is admissible for impeachment purposes. *See United States v. Elder*, 2015 U.S. Dist. LEXIS 38319, at \*4 (S.D. Ind. Mar. 26, 2015) (after determining the appropriate time calculations for Rule 609, the court stated, "[n]ext, the Government must show that the probative value of the evidence is outweighed by the prejudicial effect").

To assist the Court in deciding the pending Motion in *Limine* in advance of trial, the Government is directed to supplement its Motion with additional argument and information regarding the probative value of the prior criminal convictions weighed against their prejudicial effect.

**SO ORDERED**.

Date: 10/27/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kimberly Shawntee Robinson
atty.robinson@icloud.com

Jack Crawford
CRAWFORD & DEVANE
crawdevlaw@indy.rr.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov