# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00001-TWP-TAB |
| | ) | |
| DUPRECE JETT (01), | ) | |
| DAMION MCKISSICK (02), | ) | |
| EARL WALKER (03), | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON GOVERNMENT'S MOTION IN *LIMINE* (Filing No. 93)

This matter is before the Court the Government's Motion in *Limine* pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. (Filing No. 93.) In its Motion, the Government asks the Court for an order in *limine* that it may introduce statements made by Defendant Damion McKissick ("McKissick") and Defendant Duprece Jett ("Jett"). Defendant Earl Walker ("Walker") objects to the admission of certain of McKissick's statements. For the following reasons, Walker's objection is sustained and the motion *in limine* is granted in part and denied in part.

## I. BACKGROUND

On December 12, 2015, law enforcement officials were surveilling two individuals they believed to be Defendants Jett and McKissick. (Filing No. 93 at 1-2.) After observing the two subjects driving around an Indiana Members Credit Union branch, law enforcement believed that the two individuals were "casing" the location in advance of a robbery. (Filing No. 93 at 2.) Law enforcement attempted to stop the vehicle, but the vehicle fled, leading law enforcement on a high-speed chase. (Filing No. 93 at 2.) The car ultimately crashed into a ditch, and the two subjects

were arrested for resisting law enforcement. (Filing No. 93 at 2.) The two subjects were identified as McKissick and Defendant Earl Lee Walker ("Walker").

At some point on December 12, 2015, the Government alleges that law enforcement found Jett sitting in a car belonging to a family member of Walker. (Filing No. 93 at 3.) During his interaction with law enforcement, Jett allegedly told the officer that the car belonged to a friend of his, that none of the property in the vehicle was his, and that he was at that location waiting for a friend's girlfriend. (Filing No. 93 at 7-8.) The Government asserts that it will show these statements to agents were false.

Following the chase, McKissick and Walker were arrested for resisting law enforcement and taken to the Indianapolis Metropolitan Police Department and placed in adjacent rooms. (Filing No. 93 at 3.) McKissick is seen and heard on videotape attempting to communicate with Walker; in particular, McKissick can be heard stating:

> Hey Earl! Earl! Nothing…joyriding…fleeing!
> Hey Earl! Hey Bro
> They jumped the gun. I say they jumped the gun. We ain't do shit. They didn't give us a chance. So—hey—uhh.

(Filing No. 93 at 2, Filing No. 105 at 2).

Walker invoked his Fifth Amendment privilege against self-incrimination and refused to answer any questions from law enforcement officers (Filing No. 105 at 1). However, after being advised of his rights, McKissick signed a waiver form and agreed to give a statement. During his statement, McKissick discussed his presence in Indianapolis, denied that the vehicle he was in circled the credit union, and explained why he fled the police. Walker and McKissick were then released from custody. Six days later, by Complaint, the Government charged Walker, McKissick, and Jett with attempted bank robbery and conspiracy to commit bank robbery. (Filing No. 93 at 4.) On January 15, 2016, a grand jury returned a two-count indictment, charging Walker,

McKissick, and Jett with attempted bank robbery and conspiracy to commit robbery. ([Filing No. 22](#).)

On July 1, 2016, Walker filed a Motion to Sever ([Filing No. 64](#)) arguing that admission of McKissick's statement at trial would violate Walker's Sixth Amendment confrontation rights, in the event McKissick did not testify and subject himself to cross-examination at trial. See *Bruton v. United States*, 391 U.S. 123, 136-37 (1968). On August 2, 2016, the Court denied Mr. Walker's Motion to Sever finding that Walker had not shown any prejudice by the statements made by McKissick to which potential prejudice could not be cured by redactions or limiting instructions. ([Filing No. 70](#).) Walker now objects to the admission of McKissick's statements and argues that the Government has not established by a preponderance of the evidence that Walker was involved in or intended to join any conspiracy. He also argues that, even if he were involved in conspiracy, the Government has not established that the statements were made "in furtherance of" that conspiracy, as required by Federal Rule of Evidence 801(d)(2)(E).

## II. **DISCUSSION**

A hearsay statement is not admissible, absent an exclusion or exception allowing the introduction of the out-of-court statement. F.R.E. 802. But Rule 801(d)(2)(E) provides that a statement is not considered hearsay if the statement is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." F.R.E. 801(d)(2)(E). Under this rule, "co-conspirator statements are admissible against a defendant if the trial judge finds by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and the declarant were involved in the conspiracy, and (3) the statements were made during and in furtherance of the conspiracy." *United States v. Davis*, 2016 WL 7488337, at *2 (7th Cir. 2016). A court may admit coconspirator statements conditionally based on the government's pretrial

3

proffer, known in the Seventh Circuit as a "*Santiago* proffer." *See United States v. Santiago*, 582 F.2d 1128, 1130-31 (7th Cir. 1978), overruled in part on other grounds by *Bourjaily v. United States*, 483 U.S. 171 (1987). The Government seeks to introduce the interrogation room statement made by McKissick against all three Defendants.

Based on the evidence provided in its *Santiago* proffer ([Filing No. 92](#)), the Government has established by a preponderance of the evidence the existence of a conspiracy, and that all three Defendants were participants in it. That evidence includes: the similar circumstances and *modus operandi* of a series of robberies; an anonymous tip that one of the robbers was McKissick; surveillance video and photographs of the robberies; cellphone tower ping location data, placing McKissick's and Jett's cellphones connected to towers servicing the victim institutions close to the times of the September 15 and September 19, 2015 robberies; cellphone tower ping location data placing McKissick's cellphone connected to a tower servicing the victim location close in time to the November 15, 2015 robbery; currency recovered from McKissick and Jett that was part of a shipment from the Federal Reserve to Brinks Security on behalf of one of the victim institutions; that Walker and McKissick were arrested following an attempt to "case" a possible victim institution; items recovered from McKissick's and Walker's vehicle, including ski masks with eye holes removed, and an air soft pistol—several of these items included the DNA of the Defendants; and cellphone searches on the cellphones of Walker and McKissick, seeking information on the robberies. While Walker is correct that the Government's proffered evidence regarding his role is weaker, the Court concludes that the Government has made the required showing as to Walker at the proffer stage.

Importantly, Rule 801(d)(2)(E) requires that the statements the Government seeks to introduce must have been made "in furtherance of" the conspiracy in order to be admissible. Rule

4

801(d)(2)(E) is a "*limitation* on the admissibility of co-conspirators' statements that is meant to be taken seriously." *United States v. Johnson,* 927 F.2d 999, 1001 (7th Cir. 1991) (internal citation and quotation omitted) (emphasis added). The Seventh Circuit has explained that "the 'in furtherance' requirement would be satisfied where the statement is part of the information flow between conspirators intended to help each perform a role, and provided as examples statements made to recruit other conspirators, control damage to an ongoing conspiracy or keep conspirators advised about the progress of the conspiracy." *United States v. Curtis*, 37 F.3d 301, 307 (7th Cir. 1994) (internal citations and quotations omitted). The Seventh Circuit has also noted that "mere idle chatter, narrative declarations, and superfluous casual remarks do not constitute statements in furtherance of a conspiracy." *Id*. Likewise, the Supreme Court has stated that "a vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime." *Grunewald v. United States*, 353 U.S. 391, 405 (1957).

The Government has not shown by a preponderance of the evidence that the statements it seeks to introduce were made "in the furtherance of" an ongoing conspiracy. The Government argues that McKissick's interrogation room statements were made "in furtherance of" an ongoing conspiracy, because McKissick was attempting to obtain his and Walker's release, so that they could continue their "robbery spree." ([Filing No. 93 at 6](#).) The Government's evidence in support of its contention that the Defendants planned to continue their "robbery spree" is the fact that Walker and Jett were seen together at Jett's residence on December 14, 2015. The Government also contends that, because the Defendants were under arrest for resisting law enforcement, and

5

not for the robberies or conspiracy, the December 12, 2015 arrest "did nothing to terminate the conspiracy." ([Filing No. 93 at 3](Filing No. 93 at 3).)

The Court disagrees.  The Government has provided almost no evidence to support its contention that the statement was made in the furtherance of an ongoing conspiracy, and the evidence it has provided is inapposite.  First, the fact that Jett and Walker were seen together at Jett's residence days after being released provides no evidence of any conspiracy to commit robberies.  The Government has presented no evidence that Jett and Walker were plotting more robberies during that meeting, and the Government does not allege that any further robberies were committed.  Second, the Government suggests that because the Defendants were under arrest for resisting law enforcement, and not for the attempted bank robbery, the conspiracy must not have been terminated.  This argument fails to appreciate the many ways in which a conspiracy could be terminated: for example, because the coconspirators realize they are under surveillance; because the objectives of the conspiracy have been met; or because they have been arrested following a high speed chase.  (This last one seems especially likely if, as the Government alleges, the Defendants were indeed casing and attempting to rob the credit union from which they fled and were subsequently arrested.)  In any event, the fact that the Defendants were under arrest for a different offense provides no evidence to support the conclusion that the conspiracy was ongoing.

For the reasons above, the Government's motion to admit McKissick's statement under Rule 801(d)(2)(E) is **DENIED.**  However, in the event that Walker testifies at the trial and subjects himself to cross-examination, the statement would no longer be inadmissible hearsay.

With respect to the statements made by McKissick after he signed a waiver of rights and agreed to speak to agents and statements made by Jett to Task Force Officer Stewart; the Government intends to offer these statement to show consciousness of guilt.  No objection has

been made to the admissibility of these statements. Accordingly, the Court **GRANTS** an order in *limine* allowing the Government to introduce these statements.

### III. CONCLUSION

An order in *limine* is not a final, appealable order. If either party believes such evidence becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part the Government's Motion in *Limine* ([Filing No. 93](#)). The Court **DENIES** the Government's motion to admit McKissick's alleged co-conspirator statement, unless McKissick testifies at trial. The Court **GRANTS** the Government's request to introduce McKissick's post Miranda statements and Jett's statements.

**SO ORDERED.**

Date: 1/30/2017

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kimberly Shawntee Robinson
atty.robinson@icloud.com

Jack Crawford
CRAWFORD & DEVANE
crawdevlaw@indy.rr.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov