# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00001-TWP-TAB |
| | ) | |
| DUPRECE JETT (01), | ) | |
| DAMION MCKISSICK (02), | ) | |
| EARL WALKER (03), | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER ON GOVERNMENT'S MOTION IN *LIMINE* (Filing Nos. 76 and 87)**

This matter is before the Court on the the Government's Motion in *Limine* pursuant to Rule 609 of the Federal Rules of Evidence (Filing No. 76), and Amended Motin in *Limine* (Filing No. 87.) In its Motion's, the Government asks this Court to issue an order in *limine* allowing it to use evidence of Defendants Duprece Jett's ("Jett") and Damion McKissick's ("McKissick") prior convictions as impeachment evidence at trial, should either Defendant testify. For the reasons stated below, the Motion is granted in part and denied in part.

## I.  LEGAL STANDARD

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, an order on a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible (or inadmissible); rather, it only means

that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

Federal Rule of Evidence 609 allows the admission of evidence of prior criminal convictions when used to impeach a witness, but different standards apply depending on whether the prior conviction is more or less than ten years old. Rule 609 states that when attacking a witness's truthfulness, "evidence of a criminal conviction . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." F.R.E. 609(a)(1)(B). But:

> [I]f more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later [then the] [e]vidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

F.R.E. 609(b). So, within the ten-year lookback period, the conviction's probative value must outweigh the prejudicial effect. And beyond ten years, the conviction's probative value must *substantially* outweigh the prejudicial effect. A limiting instruction which tells the jury that the prior convictions may only be used in determining the credibility of the defendant reduces the prejudicial effect of admission. *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004).

## II. **DISCUSSION**

The Government, in its initial Motion in *Limine*, asserted that McKissick's and Jett's prior criminal convictions fell within the ten-year lookback period. (Filing No. 76.) It did not, however, provide any argument as to whether the criminal convictions' probative value outweighed their prejudicial effects. Accordingly, the Court ordered the Government to supplement its filing, (Filing No. 82), which it did in an Amended Motion in *Limine* Filed Pursuant to Rule 609 of the Federal Rules of Evidence on December 23, 2016 (Filing No. 87).

2

In its Amended Motion, the Government argues that Jett's and McKissick's convictions fall within the ten year period, and that the convictions' probative value outweigh any prejudicial effects of their admission. (Filing No. 87.) In response, McKissick argues that at least one of his convictions, the armed bank robbery, appears to fall outside of the ten year period, so the Government must prove that its admission *substantially* outweighs its prejudicial impact. (Filing No. 91.) With respect to the conviction for carrying or use of a firearm in relation to a crime of violence, which admittedly falls within the ten year period, McKissick argues the conviction's probative value does not outweigh the potential prejudice of its admission. (Filing No. 91.) In reply, the Government disputes McKissick's contention that the conviction for bank robbery could be outside of the ten-year period.[1] (Filing No. 103.)

On June 25, 2005 McKissick pled guilty to Count I: armed bank robbery, and Count II: carrying or use of a firearm in relation to a crime of violence. (Filing No. 91 at 2.) On September 27, 2004, he was sentenced to a period of incarceration of 46 months for the armed bank robbery and 84 months for carrying or use of a firearm in relation to a crime of violence, to be served consecutively, for a total sentence of 130 months imprisonment. (Filing No. 91 at 2.)

The parties agree that, for purposes of determining whether a conviction falls within the ten-year time period, "[t]he clock starts at the witness's release from any physical confinement," and "the end date of the time limit for impeaching convictions is the start of the trial at which the witness is testifying." *United States v. Rogers,* 542 F.3d 197, 201 (7th Cir. 2008). McKissick argues that he would have been released from physical confinement on the bank robbery conviction in September of 2006 (based on a start date of June 2003 and credit for "good time"), and "rolled"

---

[1] Jett did not file a separate opposition to the Motion in *Limine*, but he noted at the final pretrial conference that he joined in McKissick's opposition. (Filing No. 115.) Because Jett did not file a written objection or provide details concerning his convictions, this Entry concerns only the time period of McKissick's convictions and sentence.

to serving his time for carrying or use of a firearm in relation to a crime of violence. This would place the bank robbery conviction outside of the ten-year limit set by Rule 609, as his trial is set to begin on February 6, 2017. The Government responds that McKissick's sentences for the bank robbery and for carrying or use of a firearm in relation to a crime of violence should be treated as one combined sentence, and therefore that McKissick's release date was actually sometime in 2014. The Government argues that "[t]o hold otherwise would frustrate the purpose of the rule, which is to not hold old convictions against defendants who have walked the straight and narrow for 10 years." ([Filing No. 103 at 1](Filing No. 103 at 1).)

Neither party has presented case law to support their contentions regarding whether consecutively running sentences should be treated as one, for the purposes of Rule 609. Defendant argues, without an authority, that each conviction is treated separately under Rule 609. Likewise, the Government provides no authority to support its position that the sentences should be combined for the purposes of calculating a witness's release date.

The Government argues in the alternative that even if the bank robbery sentence was counted separately, that conviction would still be within the ten-year lookback period. The Government contends that it would be improper to speculate as to McKissick's possible "good time" credit, and that "it would require delving through internal proprietary BOP procedures, a complicated endeavor that does not appear contemplated by the rule." ([Filing No. 103 at 2](Filing No. 103 at 2).) Instead, the Government argues, this Court should assume that McKissick served all 46 months of his bank robbery sentence, finishing that period of incarceration in April of 2007.

The Court, on its own, has inquired into McKissick's records from the Bureau of Prisons ("BOP").[2] Those records confirm that McKissick received 369 days good time credit and that the

---

[2] Probation Officer Greg Coomes contacted a technician with the Designation and Sentence Computation Center in Grand Prairie, Texas with regards to McKissick's sentence. The technician reported that for sentence computation

4

BOP considered and computed the judgment to be one sentence totaling 130 months. Under BOP policy, McKissick completed this sentence and was released from imprisonment on April 12, 2013. The BOP's computation makes sense in light of the fact that 18 U.S.C. §924(c)(1)(A)(i) requires that the term of imprisonment for carrying or use of a firearm in relation to a crime of violence must be imposed consecutively to any other count. In any event, the Court is not convinced that BOP policies would be determinative on this question. As stated earlier, the parties have cited no case law on the issue of calculating time periods for the purposes of a Rule 609(b) motion, and the Court has found very little.

The legislative history of the rule, according to the House Report accompanying the amendment resulting in Rule 609(b), states as follows:

> the Committee amended the Rule…to provide that upon the expiration of ten years from the date of conviction of a witness, or of his release from confinement for that offense, that conviction may no longer be used for impeachment. The Committee was of the view that after ten years following a person's release from confinement (or from the date of his conviction) that the probative value of the conviction with respect to that person's credibility diminished to a point where it should no longer be admissible.

H.R. Rep. No. 93-650, *reprinted in* 1974 U.S.C.C.A.N. 7075, 7085.

The Court has found two cases addressing a similar question: one situation arose in the Northern District of New York, *See Somerville v. Saunders*, 2014 WL 272415 (N.D.N.Y. 2014), and the other arose in the District Court of the District of Columbia, *see United States v. Pettiford,* 238 F.R.D. 33, 40 (D.D.C. 2006). In *Somerville*, the defendant had ten felony convictions, all of

---

purposes, "The sentences are not counted separately. In other words, McKissick did not finish serving the 46 months on Count 1, and then begin serving the 84 months on Count 2. The Bureau of Prisons considered and computed the Judgment on McKissick to be one sentence totaling 130 months. He completed this sentence and was released from imprisonment on April 12, 2013." In addition, the Court was advised that "McKissick received/earned a total of 369 Good Time Credit (GTC) days. This was the full projected amount he could earn on this sentence. However, these days are not linked or tied to any specific count of conviction, but rather the time he served with satisfactory behavior. Put another way, his GTC clock or counter did not reset upon completion of any specific term in relation to a count of conviction."

which were approximately 20 years old. One of those convictions carried an indeterminate sentence of 25 years to life, and the rest carried shorter sentences, which were imposed to run concurrently with the indeterminate one. The Government sought to introduce evidence of all ten convictions, and the defendant argued that "any felony for which the maximum sentence had already expired should be subject to the Rule 609(b) analysis." *Somerville,* 2014 WL 272415 at *5. That is, on the "lesser" convictions, but for the indeterminate sentence on the first felony, the defendant "would have been released from imprisonment more than ten years [before], making those convictions 'remote' for the purposes of the Rule 609 analysis." *Id.*

Relying on *Pettiford,* 238 F.R.D. 33, 40, the *Somerville* court concluded that the legislative history of Rule 609(b) suggested that "confinement for one conviction has no effect on calculating the ten years applicable to another conviction." *Somerville,* 2014 WL 272415 at *5. The court then determined when the defendant would have "maxed out," or completed serving the maximum sentences for each of the other felonies, in order to determine whether they fell within the ten-year lookback period.

As the above discussion makes clear, this issue is not firmly settled, and its resolution would be aided by fuller briefing by the parties. The Court, however, need not base its decision on that resolution because, as will be described below, the Government does not meet even the more lenient standard (which would apply within the ten-year lookback period) for admission of the prior bank robbery conviction. The Government has not established that the probative value of that conviction outweighs its prejudicial effect.

In weighing the probative value against prejudice, the Court considers "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the

6

importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997).

The first factor—the impeachment value of the conviction—weighs slightly in favor of exclusion here. The conviction for bank robbery is not a crime involving dishonesty or falsehood, such as perjury, fraud, or the like, so it has no value beyond that of any felony to indicate the likely veracity of a witness's testimony. *See United States v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004).

The second factor—the point in time of conviction and the defendant's subsequent history—weighs slightly in favor of admission. The prior conviction occurred in June 2004, and the defendant was incarcerated for that and another crime through April 12, 2013. The prior conviction is arguably within ten years from McKissick's release from confinement to commencement of the current offenses. The offenses charged occurred between September through December 2015. While the prior conviction did not happen close in time to the events charged here, McKissick was incarcerated in the intervening years, so there is little subsequent history to be evaluated.

The third factor—the similarity between the past crime and the charged crime—weighs heavily in favor of exclusion. The past crime and the charged crime are the same, which could tend to improperly suggest to the jury a tendency or propensity on McKissick's part to commit bank robbery. *See Montgomery*, 390 F.3d at 1015. The Seventh Circuit has cautioned that the danger of unfair prejudice increases when the prior conviction and charged crime are similar. *See United States v. Shapiro,* 565 F.2d 479, 481 (7th Cir. 1977) ("The jury is more likely to misuse the evidence for purposes other than impeachment, that is to regard the prior convictions as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary.").

7

The fourth factor—the importance of the defendant's testimony, *i.e.* whether McKissick would avoid testifying because of the admission of the prior conviction—weighs slightly in favor of exclusion. Particularly because the prior and charged crimes are so similar, McKissick may be dissuaded from testifying because of admission of that evidence. The admission of prior convictions "tends to deter a defendant from testifying; there is an understandable fear that jurors will disregard any limiting instructions that the Court gives and will assume that because the defendant has committed crimes in the past, he likely committed the charged crime." *United States v. Smith*, 181 F. Supp. 2d 904, 910 (N.D. Ill. 2002). To the extent that McKissick seeks to convince the jury that he was not a participant in the conspiracy, his testimony will be important.

The fifth factor—the centrality of the credibility issue—weighs in favor of admission of the evidence. In the event that McKissick testifies, his credibility will be central to the defense (assuming it is alibi- or identity-based). Anything that bears on McKissick's credibility will be relevant, and the prior conviction has some probative value.

The admission of the armed bank robbery conviction is a close call. However, when balancing the factors at this stage of the proceedings, the Government has not established that the probative value of the prior bank robbery conviction outweighs its prejudice, and the Court **DENIES** the Motion in *Limine* as to that conviction.

As for the carrying or use of a firearm in relation to a crime of violence conviction, McKissick concedes that it falls within the ten-year period outlined by Rule 609. Applying the five-factor analysis described above, the analysis is largely the same regarding factors one, two, four, and five. However, as to factor three, the two crimes are not the same. While there is one factual similarity between the two offenses—namely, that the perpetrator of the instant offense carried a pellet gun—the two offenses are otherwise dissimilar. This factor weighs in favor of

admission. For this conviction, on balance, the conviction's probative value outweighs the possible prejudice. The Government's Motion to admit evidence of this conviction, solely for impeachment purposes and subject to appropriate limiting instructions, is **GRANTED.**

### III. CONCLUSION

An order in *limine* is not a final, appealable order. If the Government believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may approach the bench and request a hearing outside the presence of the jury. For the reasons described above, the Government's Motion's in *Limine* (Filing No. 76 and Filing No. 87) to admit evidence of prior convictions for impeachment purposes are **DENIED** as to the Defendants' convictions for bank robbery and **GRANTED** as to Defendants' conviction for carrying or use of a firearm in relation to a crime of violence.

**SO ORDERED.**

Date: 2/1/2017

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kimberly Shawntee Robinson
atty.robinson@icloud.com

Jack Crawford
CRAWFORD & DEVANE
crawdevlaw@indy.rr.com

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov