UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-1-TWP-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DUPRECE JETT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-cr-00001-TWP-TAB |
| DUPRECE JETT, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER**

This matter is before the Court on Defendant Duprece Jett's ("Jett") Motion for Reduction of Sentence for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkts. 405, 406). For the reasons explained below, Jett's motion is **denied**.

**I. Background**

In 2017, a jury convicted Jett of conspiracy to commit robbery and attempted armed robbery. Dkt. 211. The Court sentenced Jett to an aggregate sentence of 293 months of imprisonment, representing 209 months of imprisonment for the conspiracy count and a consecutive 84 months of imprisonment for the attempted armed robbery charge. *Id.* Jett appealed, and the Seventh Circuit entered a judgment of acquittal with respect to the attempted armed robbery charge but otherwise affirmed the conviction and sentence. *United States v. Jett*, 908 F.3d 252 (7th Cir. 2018). On remand, the Court resentenced Jett to 230 months of imprisonment. Dkt. 349. Jett appealed again, and the Seventh Circuit affirmed the sentence. Dkt. 418.

Jett filed a *pro se* motion seeking compassionate release. Dkts. 405, 406. The Court appointed counsel to represent him, and counsel appeared on his behalf, but counsel was later allowed to withdraw. Dkt. 417. When counsel withdrew, the Court directed Jett to supplement his

motion, and he complied. Dkt. 419. In his motion and supplement, Jett argues that extraordinary and compelling reasons warrant release in his case because: (1) he suffers from medical conditions (including asthma, hypertension, and prediabetes) that increase his risk of experiencing severe symptoms if he contracts COVID-19, and he cannot protect himself from infection while incarcerated; and (2) he did not commit the crime of which he was convicted and was misidentified at trial.

The United States filed a response in opposition arguing that Jett cannot show that extraordinary and compelling reasons warrant release in this case because, among other things, he is fully vaccinated against COVID-19. Dkt. 433. The United States also argues that Jett would pose a danger to the community if released and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. *Id.* Jett did not file a reply. Thus, his motion is ripe for consideration.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

3

Jett's first reason for requesting a sentence reduction—the risk he faces from COVID-19 while incarcerated—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Jett is fully vaccinated, *see* dkt. 433-2 at 12, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Jett "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022). As a result, Jett cannot show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Jett's other reason for compassionate release—that he is actually innocent of the crime of which he was convicted—is also not an extraordinary and compelling reason warranting relief within the meaning of § 3582(c)(1)(A)(i). Jett was found guilty by a jury, and that conviction was affirmed. Jett is not allowed to revisit his trial outcome and sentence through the vehicle of a compassionate release motion. *Cf. United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (stating, in a case considering whether a sentencing disparity created by a non-retroactive change to a statute creates extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A)(i), "[W]e worry that a contrary conclusion about the scope of the discretion

conferred by § 3582(c)(1)(A) would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences. That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions.").

Given the determination that Jett has not shown extraordinary and compelling reasons to justify his release, the Court need not address the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Jett motion for compassionate release, dkt. [405], is **denied.**

**IT IS SO ORDERED.**

Date: 5/27/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Duprece Jett
Reg. No. 08471-028
FCI Yazoo City Medium
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194